**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC J. RHETT,<br><br>    Plaintiff,<br><br>v.<br><br>HUDSON COUNTY CHILD SUPPORT UNIT, et al.,<br><br>    Defendants. | Civil Action No. 17-5539 (ES) (JAD)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court are four motions to dismiss the Amended Complaint (D.E. No. 10, Amended Complaint ("Am. Compl.")) of *pro se* Plaintiff Eric J. Rhett ("Plaintiff"): the motions of the New Jersey State Treasurer, *et al.* (D.E. No. 23); Nancy A. Berryhill (D.E. No. 29); Fireman's Fund Insurance Company (D.E. No. 42); and Howard Pecker (D.E. No. 45) (collectively, "Defendants"). The Court has considered the parties' submissions[1] and decides the motion without oral argument. *See* L. Civ. R. 78.1(b). For reasons discussed below, the motions are GRANTED.

**I. Factual Background**

The Court will "set out facts as they appear in the [Amended] Complaint," *see Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012), but at times the handwritten Amended Complaint is difficult to follow (*see, e.g.*, Am. Compl. at 2[2] ("When you revisit an already final and mandated

---

[1] (D.E. Nos. 23-1, 24, 28, 30, 31, 33, 41, 42-2, 44, 45-4, 46–49 & 55).

[2] All record citations to page numbers refer to CM/ECF pagination in the upper-righthand corner.

1

claim like in hereof, you must give present and updated defense presentation from the retroactive original meritorious claim.")). In general, Plaintiff apparently alleges that Defendants violated his rights under the "U.S. Constitution, Article XIV, Section 1"[3] in subjecting him to medical examination and refusing to grant him Social Security Benefits. (*See generally id.* at 3). Plaintiff's "Cause of Action" states:

> In the absence of disable [and] disability social security benefits, Plaintiff is being painfully deprived of living his impaired life to the fullest. Violating U.S. Constitution Article XIV Section I, in all other claims [and] cases plaintiff has legal civil rights to be awarded. What is owed to him [whether], through damages or being compensated as needed to live his painful disability life [sic.].

(*Id.* at 3). Among other allegations, Plaintiff submits that his condition of "congenital muscular dystrophy" qualifies him to receive Social Security benefits for the duration of his life; and that his condition prevents him from performing physical work "SS Judge Dean W. Determan said [he] can still do." (*See id.* at 5). Regarding relief—in a section entitled "the relief upon which [he] is entitled to be granted"—Plaintiff seeks to "correct the clerical error, declaring Plaintiff is not entitled [to disability benefits];" to "penalize each . . . doctor[];" an "order that it is not required for Plaintiff to be medically re-examined;" and the "amount of $577,720.00." (*See id.*). The Amended Complaint apparently does not include factual allegations linking Plaintiff's claims to the named defendants or supporting his legal conclusions. (*See generally* Am. Compl.).

Defendants have moved to dismiss, arguing that Plaintiff has failed to state a claim under Rule 8(a) (*see, e.g.*, D.E. No. 23-1 at 19 ("There is not a single factual allegation in the Amended Complaint to support Plaintiff's claims.")) and that the Court lacks subject-matter jurisdiction (*see,*

---

[3] The United States Constitution does not contain fourteen Articles, so the Court will interpret Plaintiff's reference to "Article XIV, Section 1" to be a reference to Section 1 of the Fourteenth Amendment. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .") (internal quotation marks omitted). Section 1 of the Fourteenth Amendment contains the Due Process and Equal Protection Clauses.

*e.g.*, D.E. No. 30 at 6 ("Because Plaintiff has not exhausted the administrative process, this Complaint should be dismissed for lack of jurisdiction.")).

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." But, to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). A complaint cannot suffice "if it tenders [only] 'naked assertion[s]' devoid of 'further factual enhancement,'" because while Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555 & 557).

Pursuant to the pleading regime established by *Twombly* and *Iqbal*, the Court of Appeals for this Circuit has promulgated a three-pronged test of the sufficiency of a complaint. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court considers "the elements a Plaintiff must plead to state a claim." *Id.* Second, the Court distinguishes the facts from the legal conclusions contained in the complaint, as the latter "are not entitled to [an] assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). That is, a complaint's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, cannot "nudge[] [a plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Finally, the Court considers the complaint's remaining well-pleaded

3

factual allegations and "determine[s] whether they plausibly give rise to an entitlement for relief." *Santiago*, 629 F.3d at 130 (quoting *Iqbal*, 556 U.S. at 679).

Throughout this process, the Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *See, e.g.*, *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016). And, further, "[i]n considering the defendants' motion to dismiss, the . . . Court [i]s required to interpret the *pro se* complaint [particularly] liberally . . . ." *See, e.g.*, *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

## III. Analysis

### A. Jurisdiction

As a threshold matter, the Court concurs (*see, e.g.*, D.E. No. 30 at 6) that the Court lacks subject-matter jurisdiction over Plaintiff's claims *to the extent that they seek social security benefits on non-constitutional grounds*. *See* 42 U.S.C. § 405(g) (permitting judicial review "*after* any final decision of the Commissioner of Social Security" (emphasis added)). *To the extent that Plaintiff's claims seek Social Security benefits on non-constitutional grounds*, the Court is "unable to separate the merits of [those claims] from [a] claim for final disability benefits;" and, accordingly, the Court "lack[s] jurisdiction to hear [the claims] absent a final decision by the Commissioner." *See Fitzgerald v. Apfel*, 148 F.3d 232, 235 (3d Cir. 1998).

In contrast, the Court "ha[s] jurisdiction over [Plaintiff]'s due process [and equal protection] claim[s] *to the extent that []he s[eeks] some other form of relief*." *See id.* (emphasis added); *Califano v. Sanders*, 430 U.S. 99, 108–09 (1977) ("*Constitutional* questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts," even despite a failure to exhaust admonitive remedies, "is essential to the decision of such

4

questions." (emphasis added)). Here, Plaintiff does seek other forms of relief, such as to "penalize each . . . doctor[];" an "order that it is not required for Plaintiff to be medically re-examined;" and the "amount of $577,720.00." (*See* Compl. at 5).

**B. Failure to State a Claim**

Nonetheless, Plaintiff has failed to state a claim: The facts alleged in the Amended Complaint do not permit the Court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *See, e.g.*, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). The Amended Complaint, for instance, does not include any factual allegations linking Plaintiff's claims to the named defendants. (*See, e.g.*, D.E. No. 42-2 at 4 ("[The Amended Complaint] fails to identify a single factual allegation that supports a valid cause of action against Fireman's Fund."); *see generally* Am. Compl.). One possible exception is the Commissioner of Social Security, to whom Plaintiff apparently attributes a "clerical error" and whose officials Plaintiff accuses of "fail[ing] to do [their] job[s]." (*See* Am. Compl. at 5). But these are "mere conclusory statements"—"unadorned, the-defendant-unlawfully-harmed-me accusation[s]"— which are insufficient to state a claim. *See, e.g.*, *Iqbal*, 556 U.S. at 678. Defendants' motions to dismiss for failure to state a claim, therefore, must be granted. *See, e.g.*, *Young v. New Sewickley Twp.*, 160 F. App'x 263, 266 (3d Cir. 2005) (ruling that a plaintiff's "conclusory allegation that . . . . conduct deprived him of his rights under the Equal Protection Clause was insufficient *even under the liberal notice pleading standard of Rule 8(a)*" (emphasis added)).[4]

---

[4] "Given this disposition, [the Court] need not address the issue of sovereign immunity," *see, e.g.*, *DB Enter. Developers & Builders, Inc. v. Micozzie*, 394 F. App'x 916, 920 n.6 (3d Cir. 2010); (D.E. No. 23-1 at 11–18), or any other of Defendants' arguments for dismissal (*see, e.g.*, D.E. No. 42-2 at 4–9).

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss: The Amended Complaint is DISMISSED *without prejudice*. In addition, Plaintiff's motion "bringing suit against United State District Court" (D.E. No. 32) and motion "to Dismiss Representation of Craig Carpenito ETC." (D.E. No. 46)—for which the Court can discern no legal or factual basis—are DENIED.

To the extent Plaintiff can cure any deficiencies identified in this Opinion, **Plaintiff may do so within thirty days in a final, amended complaint. But the Court may dismiss the Amended Complaint *with prejudice* or close this case "if a timely amendment is not forthcoming within that time,"** *see Shane v. Fauver*, **213 F.3d 113, 116 (3d Cir. 2000)), or if Plaintiff fails to cure any deficiencies identified in this Opinion.**

An appropriate order will accompany this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**