**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ERIC J. RHETT,** | : | Civil Action No. 17-5539 (ES) (JAD) |
| Plaintiff, | : | |
| v. | : | OPINION |
| **HUDSON COUNTY CHILD SUPPORT UNIT,** *et al.*, | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

Before the Court is plaintiff Eric J. Rhett's ("Plaintiff") motion for relief from final judgment, as well as several other letters filed by Plaintiff. (D.E. Nos. 72 ("Motion") & 73–77). In order to entertain Plaintiff's request, the Court will order the Clerk to reopen this case. For the following reasons, Plaintiff's Motion will be DENIED, and the Clerk will be ordered to re-close the case.

**I.    Background**

The history of this litigation is set forth in the Court's December 19, 2019 Order dismissing Plaintiff's second amended complaint with prejudice, and the Court does not repeat it here. (D.E. No. 71). In the December 19th Order, the Court dismissed Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim. (*See id.*). Specifically, after liberally construing Plaintiff's *pro se* second amended complaint, the Court held that (i) it lacked subject matter jurisdiction over Plaintiff's claims to the extent he sought social security benefits on non-constitutional grounds because there was no final decision by the Commissioner of Social Security; and (ii) Plaintiff failed to state a claim upon which relief could be granted. (*Id.* at 2–4). And

because the Court had already given Plaintiff an opportunity to amend the complaint, the Court dismissed the claims *with prejudice* and closed this case. (*Id.* at 4).

On December 26, 2019, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. (D.E. No. 72). Since then, Plaintiff has also filed five other submissions (D.E. Nos. 73–77). The additional letters seemingly restate some of the same arguments raised in the Motion as to why the case should be reopened; they also restate some of the allegations that were present in Plaintiff's complaint. (*See generally* D.E. Nos. 73–77).[1]

## II.   Legal Standard

Federal Rule of Civil Procedure 60(b) sets forth the following reasons which may justify relieving a party from a final judgment or order:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

To secure relief under Rule 60(b), a movant must establish that the circumstances warrant overcoming the "overriding interest in the finality and repose of judgments." *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987) (quoting *Martinez–McBean v. Government of the Virgin Islands,* 562 F.2d 908, 913 (3d Cir.1977)). "One who seeks such extraordinary relief from a final judgment bears a heavy burden." *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967). Finally,

---

[1]   To the extent the additional letters contain other arguments, they are not properly before the Court in this case where the Court has dismissed all claims, closed the case, and, pursuant to this Opinion and corresponding Order, has now denied Plaintiff relief from final judgment.

"[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1).

**III.   Analysis**

As with Plaintiff's numerous filings before this Court and others (*see* D.E. No. 71 at 3 n.2), Plaintiff's "rambling" submission is "mostly unintelligible." *Rhett v. New Jersey State Superior Court*, 260 F. App'x 513, 515 (3d Cir. 2008). Thus, although it is not entirely clear, Plaintiff appears to base his 60(b) motion on "judicial mistake." (*See* Motion at 1[2]). Specifically, scattered throughout Plaintiff's Motion are arguments that this Court does indeed have jurisdiction over his claims and that he has sufficiently stated a claim under Rule 8. (*See e.g.*, *id.* at 2, 4 & 8).

As to the Court's jurisdiction, Plaintiff argues that this Court has jurisdiction because there was indeed a final decision by the Commissioner of Social Security on September 9, 2002. (*See e.g.*, *id.* at 1 & 2). But the Court's jurisdictional ruling was based on an understanding that Plaintiff's complaint—to the extent it sought social security benefits on non-constitutional grounds—challenged the denial of a 2007 application for disability benefits. Any 2002 final decision by the Commissioner of Social Security does not alter the Court's jurisdictional analysis based on the 2007 application.[3] And Plaintiff does not meaningfully dispute that there was ever any final decision with respect to the 2007 application.

The remainder of the Court's decision focused on Plaintiff's failure to state a claim upon which relief could be granted. Plaintiff argues that it was unconstitutional for the Court to dismiss his claims and close this case. Specifically, Plaintiff argues that "it is Court discrimination" for

---

[2]   When referring to specific page numbers in the Motion, the Court refers to the page numbers generated by the Court's electronic filing system generated on the upper-righthand corner.

[3]   That the Court could have misunderstood Plaintiff's complaint to be challenging the 2007, rather than a 2002 denial of benefits, strengthens the Court's conclusion that Plaintiff has failed to state a claim upon which relief can be granted.

3

the Court to hold him to certain pleading standards (Motion at 1), that his complaint did indeed satisfy Rule 8 (*id.* at 10), and that the Court was mandated to consider "all contents of all motions and laws submitted over the years" (*id.*). Plaintiff's arguments are not persuasive.

First, Plaintiff is correct that as a *pro se* plaintiff he is entitled to some leniency, but "there are limits to [the Court's] procedural flexibility." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). And *pro se* litigants are not relieved of the obligation to plead enough factual matter to meet the plausibility standard, *see Franklin v. GMAC Mortg.*, 523 F. App'x 172, 172–73 (3d Cir. 2013); nor are they relieved of the obligation to "clearly and specifically" allege their claims, *Pushkin v. Nussbaum*, No. 12-0324, 2013 WL 1792501, at *4 (D.N.J. Apr. 25, 2013). Thus, Plaintiff's argument that it was "Court discrimination" to hold him to certain pleadings standards is without merit. Second, in arguing that the second amended complaint meets the applicable pleading standards, Plaintiff does not point out any mistake or other reason for relief from the Order, but rather expresses his disagreement with the Court's decision. As set forth in the Court's December 19th Order, the Court could not determine what exactly Plaintiff's claims were, who they were against, and what factual allegations were relevant to each claim. (*See* D.E. No. 71 at 3–4). Plaintiff's disagreement with those conclusions is not the type of extraordinary circumstance that warrants relief under Rule 60(b). *See Bierley v. Shimek*, 153 F. App'x 87, 89 (3d Cir. 2005) ("Disagreement with the District Court's rulings, however vehemently presented, does not constitute an extraordinary circumstance."). Finally, contrary to Plaintiff's assertion, the Court is not required to dig through the contents of the *many* "motions and laws [Plaintiff] submitted over the years" to try to make sense of the operative complaint. (*See* Motion at 10).

**IV.     Conclusion**

In sum, Plaintiff does not advance any grounds justifying the extraordinary remedy provided by Rule 60(b).  *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting *Page v. Schweiker,* 786 F.2d 150, 158 (3d Cir.1986) (Garth, J., concurring)).  His motion is denied.  An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**